**ALD-055**                                                                **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2054
_____

CHRISTOPHER F. MBEWE
Appellant

v.

THERESA DELBALSO, Former Superintendent; MICHAEL J. DUNKLE; C.O.
CRAWFORD; CHAPMAN, C.O.; & LT. WALL

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 4:21-cv-00654)
District Judge:  Honorable Matthew W. Brann

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B), or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 18, 2024

Before:  HARDIMAN, MONTGOMERY-REEVES, and NYGAARD, Circuit Judges

(Opinion filed: February 9, 2024)
_____

OPINION*
_____

PER CURIAM

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Plaintiff Christopher Mbewe appeals pro se and in forma pauperis from the District Court's order dismissing his third amended complaint.[1] We will summarily affirm.

Mbewe is incarcerated at the State Correctional Institution, Mahanoy (SCI Mahanoy). Mbewe claimed that the SCI Mahanoy officials committed constitutional violations in their handling of his legal mail on six occasions between December 2019 and July 2021. He averred that prison officials fabricated evidence that his legal mail tested positive for drugs to unlawfully open and read the mail outside of his presence, and that the prison officials wrongfully confiscated legal mail that was critical to his state post-conviction proceedings. Mbewe also broadly asserted that there is an ongoing pattern and practice at SCI Mahanoy of prison officials interfering with legal mail or tacitly condoning such interference.

The District Court dismissed the third amended complaint with prejudice for failure to state a claim. Mbewe sought reconsideration of the dismissal, which the District Court denied. This appeal followed.

---

[1] Mbewe filed his initial complaint in April 2021. He amended that complaint twice. The District Court dismissed the second amended complaint and provided Mbewe a limited opportunity to file a third amended complaint. The third amended complaint is substantially similar to the second amended complaint but attached additional exhibits. DCT No. 69.

We have jurisdiction pursuant to 28 U.S.C. § 1291 and exercise plenary review over the District Court's dismissal of Mbewe's third amended complaint. See Newark Cab Ass'n v. City of Newark, 901 F.3d 146, 151 (3d Cir. 2018). We construe Mbewe's pro se complaint liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). We may summarily affirm the District Court's judgment if the appeal presents no substantial question, see 3d Cir. L.A.R. 27.4 and I.O.P. 10.6, and must dismiss the appeal under 28 U.S.C. § 1915(e)(2)(B)(i) if it is frivolous.

To state a claim under 42 U.S.C. § 1983, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). Like the District Court, we construe the third amended complaint to assert claims of (1) First and Fourteenth Amendment denial of access to the courts; (2) First Amendment interference with legal correspondence in violation of free-speech rights; and (3) Fourteenth Amendment deprivation of property without due process of law. Upon careful consideration, we agree with the District Court's assessment of the third amended complaint.

## A. Denial of Access to the Courts

Mbewe avers that his sister was contacted in April 2019 by an individual who claimed to witness the crime for which Mbewe was convicted. This witness informed Mbewe's sister that she would have testified that Mbewe was innocent, but that she did

3

not come forward earlier due to instructions provided by the prosecuting attorney. According to Mbewe, the witness mailed a written witness statement directly to Mbewe, but the mail was intercepted, opened, and destroyed by prison officials. Mbewe claims, as a result, that he was unable to timely file a Post-Conviction Relief Act (PCRA) petition in relation to this evidence,

Where, as here, a prisoner asserts that prison officials' actions have inhibited his opportunity to present a collateral challenge to a conviction, the prisoner must show (1) "an 'actual injury'—that they lost a chance to pursue a 'nonfrivolous' or 'arguable' underlying claim"; and (2) the absence of any other remedy for the lost claim than in the present denial of access suit. Monroe v. Beard, 536 F.3d 198, 205 (3d Cir. 2008). In addition, "[t[he complaint must describe the underlying arguable claim well enough to show that it is 'more than mere hope,' and it must describe the 'lost remedy.'" Id. at 205-06 (internal quotation marks and citation omitted)). We agree with the District Court that Mbewe failed to plausibly allege these elements.

We reiterate the District Court's belief that Mbewe failed to plausibly demonstrate that the purported interference with this mail prevented him from seeking PCRA relief or otherwise caused such a lengthy delay as to elapse the entirety of the limitations period to file a PCRA petition or seek an exception to the same. Nevertheless, if we assume the truth of Mbewe's assertion that the claimed mail interference caused his failure to timely file a PCRA petition, it cannot be said that Mbewe adequately described the "lost

remedy." See 42 Pa. Cons. Stat. Ann. § 9545(b)(1)(i) (excepting claims not previously raised as a result of government interference from the PCRA one-year limitations period). And Mbewe has otherwise failed to assert any actual injury caused by the purported mail interference. Indeed, Mbewe's third amended complaint lacks any factual averment indicating that he sought and was denied relief—either through state PCRA proceedings or federal habeas—based on the purportedly new evidence.

Further, as the District Court pointed out, Mbewe's third amended complaint failed to identify any specific conduct or personal involvement in the alleged wrongdoing by any Defendant. See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) (noting that a plaintiff must allege that the defendants had "personal involvement in the alleged wrongs," which can be shown through "allegations of personal direction or of actual knowledge and acquiescence" to state a claim under § 1983).

**B. Interference with Legal Correspondence**

Mbewe alleges that privileged and confidential legal mail was sent to him on six occasions between December 2019 and July 2021. He claims that prison officials seized, opened, and copied his legal mail outside of his presence and in violation of his First Amendment free-speech rights. Mbewe identifies the at-issue mail as having been sent by an attorney with the Pennsylvania Innocence Project (Delose), an attorney from the Lewisburg Prison Project (Su Ming Yeh), and Defendants' attorney (DiTomo). Mbewe also asserts that, during the relevant time frame and to protect his rights, he mailed over

5

200 letters to organizations and agencies, but any answers received were intercepted, copied, and destroyed by Defendants.

"Although the [Department of Corrections (DOC)] prohibits mail inspectors from reading mail addressed to inmates except in special circumstances, constitutional obligations require the DOC to take additional measures to ensure that legal mail remains unread." Fontroy v. Beard, 559 F.3d 173, 174 (3d Cir. 2009). As such, this Court has held that a DOC policy that allows the opening of legal mail without the physical presence of addressee inmates "deprives the expression of confidentiality and chills the inmates' protected expression." Jones v. Brown, 461 F.3d 353, 359 (3d Cir. 2006). However, the fact that mail is from an attorney or a legal non-profit, even when that mail may include confidential or privileged information, does not on its own require prison officials to label it as legal mail that may only be opened in the presence of inmates.[2] See Fontroy, 559 F.3d at 175-77, 184; see also Bieregu v. Reno, 59 F.3d 1445, 1452, 1458 (3d Cir. 1995) (holding that evidence of five instances of mail tampering, three of which the defendants admitted, was enough to raise a genuine issue of material fact on whether there was an unconstitutional "pattern and practice" of opening the plaintiff's properly marked court

---

[2] DOC has instituted a policy that requires the identification of an attorney or court "control number" on a mailing envelope for that mail to be considered legal correspondence that must be opened in the presence of an inmate. This Court has previously rejected a challenge to the constitutionality of that policy, see Fontroy, 559 F.3d at 183-84.

6

mail, but noting that "a single, inadvertent opening of properly marked legal mail outside an inmate's presence . . . may not infringe a prisoner's right to free speech"), abrogated on other grounds by Lewis v. Casey, 518 U.S. 343 (1996).

Here, Mbewe has not plausibly claimed that the mail at issue was legal mail that cannot be opened outside of his presence. Mbewe does not aver the existence of an attorney-client relationship between Mbewe and Delose or Su Ming Yeh, and it appears that none existed. And, certainly, any mail sent to Mbewe from opposing counsel, while legal in nature, is not privileged by virtue of an attorney-client relationship and does not constitute legal mail for purposes of a First Amendment free-speech claim. More importantly, Mbewe's third amended complaint is devoid of any claim that the purported legal mail was properly marked with an attorney control number in compliance with DOC policy. See Fontroy, 559 F.3d at 175-77, 183-84. Accordingly, we agree that Mbewe has failed to plausibly aver that prison officials, at any point, opened his legal mail outside of his presence or otherwise implicated the First Amendment.

**C. Deprivation of Property**

To the extent Mbewe claims that prison officials wrongfully confiscated his mail and other correspondence in violation of the Fourteenth Amendment, the District Court correctly dismissed any such claims. See Hudson v. Palmer, 468 U.S. 517, 533 (1984) (holding that negligent and intentional deprivations of property do not violate due process if meaningful post-deprivation remedies are available). The prison grievance procedure

7

provides an adequate post-deprivation remedy, see, e.g., Tillman v. Lebanon Cnty. Corr. Facility, 221 F.3d 410, 422 (3d Cir. 2000), and the existence of this post-deprivation remedy forecloses Mbewe due process deprivation of property claim.[3] Mbewe can also pursue common law remedies for any purported wrongful deprivation of his property.

For the foregoing reasons, the District Court did not err in dismissing Mbewe's third amended complaint with prejudice. Further amendment would be futile as Mbewe has already had multiple opportunities to amend his pleadings. Moreover, we discern no error in the District Court's denial of Mbewe's motion to reconsider its dismissal of the third amended complaint.

Accordingly, the appeal does not present a substantial question. We will summarily affirm the District Court's order. See 3d Cir. L.A.R. 27.4 (2011); 3d Cir. I.O.P. 10.6 (2018). To the extent Mbewe has requested appointment of appellate counsel, that motion is denied.

---

[3] Indeed, Mbewe indicated in his third amended complaint that he availed himself of the grievance procedure to challenge the alleged confiscation of his property.

8